**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:06CV1246-DJS |
| **THIRTY-SIX THOUSAND, FOUR HUNDRED TWELVE DOLLARS ($36,412.00) U.S. CURRENCY,** | ) |
| Defendant. | ) |

## ORDER

On February 21, 2006, Deputy Carmelo Crivello of the Phelps County Sheriff's Department observed a bronze Chevrolet Uplander speeding on I-44 in Phelps County, Missouri. Deputy Crivello initiated a traffic stop and approached the driver, a female later identified as Maria Munoz-Suelema ("Munoz"). Munoz was driving a rental car and stated she did not have a driver's license. Deputy Crivello then asked the passenger in the car, who identified himself as Alfonso Munoz-Chavez, later found to be Ismael Munoz-Chavez ("Chavez"), for his license, to which Chavez responded in Spanish that he did not speak English. Deputy Crivello then repeated himself in Spanish, to which Chavez responded that he had a Mexican license. After interviewing both individuals, Deputy Crivello asked if there was any money located in the vehicle. Munoz pointed to the cargo area of the vehicle where a duffel bag was located. Deputy Crivello searched the bag

and located numerous bundles of United States currency hidden inside men's clothing. The amount was determined to be $36,412.00.

At that time, Munoz was taken to the Phelps County Sheriff's Office and Chavez was placed on an immigration hold. After Chavez and Munoz were interviewed, they each signed a disclaimer as to ownership of the $36,412.00 in question. Relevant to the matter now before the Court, Chavez's disclaimer read as follows:

> I, Alfonso Munoz-Chavez, do hereby disclaim any ownership of the currency seized by the Phelps County Sheriff's Derpartment at Rolla, Missouri on February 21, 2006. I fully understand my rights and no threats have been made to me by Agents, nor have any promises been made to me in exchange for my signature on this disclaimer.

Doc. #14-5. Immigration and Customs Enforcement ("ICE") Special Agent Jeff Othic spoke to Chavez on the telephone. Chavez admitted to being a Mexican citizen illegally in the United States. A detainer was placed on Chavez and he was transported to ICE custody the following day. Chavez was subsequently charged in a federal indictment in the Eastern District of Missouri (Cause No. 4:06CR00163-JCH), with violating 8 U.S.C. §1326, illegal re-entry of an alien who was previously convicted of an aggravated felony offense. Chavez pleaded guilty and was sentenced on June 30, 2006, to 41 months incarceration.

A verified complaint for forfeiture of the $36,412.00 was filed on August 18, 2006. The complaint alleged that because the defendant currency was furnished or intended to be furnished in

2

exchange for controlled substances, and was used or intended to be used to facilitate such an exchange, the currency was subject to forfeiture to the United States pursuant to 21 U.S.C. §881(a)(6). A warrant for the arrest of the defendant currency was also issued on August 18, 2006. Notice of this action and arrest was published in the <u>Rolla Daily News</u> newspaper on September 27, October 4, and October 11, 2006. <u>See</u> Doc. #3. On September 6, 2006, the verified complaint for forfeiture and the warrant of arrest were sent to Chavez by certified mail at 3729 Gaves Terrasas, Fort Worth, Texas 76111. However, on October 31, 2006, the verified complaint for forfeiture and the warrant of arrest were returned "unclaimed." <u>See</u> Doc. #4. On November 13, 2006, the verified complaint for forfeiture and the warrant of arrest were sent to Chavez by United States mail at 3729 Gaves Terrasas, Fort Worth, Texas 76111. However, on November 21, 2006, the verified complaint for forfeiture and the warrant of arrest were returned "no such number, unable to forward." Upon discovery of another possible address, on November 22, 2006, the government sent the verified complaint for forfeiture and the warrant of arrest to Chavez by United States mail at 3759 Gaves Terrasas, Fort Worth, Texas 76111. However, it was returned on November 28, 2006, marked "no such number, unable to forward." Further investigation through the Bureau of Prisons

determined that Chavez was incarcerated at FCI, Big Spring, Texas.[1] On December 19, 2006, the verified complaint for forfeiture and the warrant of arrest were sent to Chavez by certified mail at FCI, 2001 Rickabaugh Drive, Big Spring, Texas 79720. See Doc. #14-2. The delivery was documented as being delivered on January 3, 2007. Documentation from the United States Postal Service shows the recipient as "BSCC," Big Spring Correctional Center. See Docs. #14-2, 14-3.

On February 16, 2007, the government moved for entry of default and default judgment. See Docs. #5, 6. In support of the government's motions, the Assistant United States Attorney filed a declaration, representing, among other things, that Chavez received the verified complaint for forfeiture and the warrant of arrest on January 3, 2007. See Doc. #5-2. The Court notes that the certificate of service for the motion for default indicates service on Chavez at the Big Spring Correctional Institution in Big Spring, Texas. Default was entered on February 23, 2007. See Doc. #7. On March 5, 2007, the Court entered default judgment in favor of the

---

[1] The government has provided a print-out from the Bureau of Prisons inmate locator website, which shows Ismael Munoz-Chavez's location as Big Spring CI. Doc. #14-4. This exhibit also contains CI Big Spring Contact Information, which states that approximately 15% of the Bureau's inmate population in Big Spring, Texas are confined in secure facilities operated primarily by private corrections companies and to a lesser extent by state and local governments, and in privately operated community corrections centers. The provided print-out states the correct address when sending correspondence and parcels to inmates confined at CI Big Spring is Big Spring Correctional Institute, 2001 Rickabaugh Drive, Big Spring, Texas 79720. The Court notes that this address is where the December 19, 2006, notice was sent, and was received on January 3, 2007. Doc. #14-4.

government and against the defendant currency; found that all persons claiming any right, title, or interest in or to the defendant currency were in default; and held that the defendant currency was to be forfeited to the government.  See Docs. #8, 9.

Now before the Court is Chavez's motion for an extension of time to respond to the government's motion for verified complaint of forfeiture [Doc. #12], which was filed on July 3, 2008.  Chavez states that he is a rightful claimant in this action.  Chavez further states that he did not timely respond to the verified complaint for forfeiture and the warrant of arrest because they were mailed to the wrong address.  That is, Chavez states that he was being held at a privately operated institution (Big Spring C.I., Cedar Hill Unit, which he represents is located at 3711 Wright Ave, Big Spring, Texas 79720), and that the documents were mailed to the wrong institution.  The government opposes Chavez's motion.  Among other reasons, the government argues that notice was mailed to the correct address, that notice to Chavez was sufficient under the applicable rules, and that the default judgment entered in the government's favor was proper and should not now be vacated.

Under the Constitution of the United States, no person shall be deprived of property without due process of the law.  "An individual facing forfeiture risks being deprived of his or her property and thus is entitled to notice and an opportunity to be heard."  Nunley v. Dept. of Justice, 425 F.3d 1132, 1135 (8th Cir.

2005) (citing <u>Dusenbery v. United States</u>, 534 U.S. 161, 167 (2002)). If the government is aware of an individual with a claimed interest in property subject to a forfeiture action, "the government must send direct notice by mail or some other equally reliable means." <u>Id.</u> at 1136 (citations omitted). However, the law does not require that an interested party receive actual notice of a pending forfeiture action. "[D]ue process is satisfied if the method of notice is 'reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>Id.</u> (quoting <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)). Thus, the issue in this case turns on the "sufficiency of the notice sent to the jail." <u>Id.</u> In this regard, "[t]he prisoner...has the burden to demonstrate that the procedures are inadequate." <u>Id.</u> at 1137.

In <u>Nunley</u>, the plaintiff filed a pro se complaint against various government agencies, charging that the federal government violated his due process rights when it <u>administratively</u> forfeited some of his property, that is, declared the property forfeited without a court order. Although the instant case involves a court ordered forfeiture, the Court finds <u>Nunley</u> instructive. In the instant case, Chavez has not made a sufficient showing that the prison mail procedures were inadequate. In fact, Chavez acknowledges that the prison has implemented and follows well established guidelines to ensure delivery of certified mail, but

argues that notice was mailed to the wrong address.

However, Chavez fails to make a sufficient showing that the address to which notice was mailed was incorrect. Indeed, considering the evidence that has been provided to the Court, it appears that the government mailed notice to an address that was reasonably calculated, under the circumstances, to apprise Chavez of the pendency of the instant action. Accordingly, the Court finds that notice was sufficient, and that its previous default judgment in favor of the government will not be vacated.

For the above stated reasons,

**IT IS HEREBY ORDERED** that Ismael Munoz-Chavez's motion for an extension of time to respond to the government's motion for verified complaint of forfeiture [Doc. #12] is denied.

**IT IS FURTHER ORDERED** that Ismael Munoz-Chavez's motion for return of seized property [Doc. #15] is denied as moot.

**IT IS FURTHER ORDERED** that Ismael Munoz-Chavez's second motion for return of seized property [Doc. #16] is denied as moot.

Dated this __5th__ day of March, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE